IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. |
| MARK L. GRAHAM, | ) | |
| individually and in his capacity | ) | |
| as the Personal Representative of the | ) | |
| ESTATE of DONNA JO GRAHAM, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

The United States of America alleges as follows:

## INTRODUCTION

1.     This action is brought by the United States of America to:

    a.  Reduce to judgment the unpaid federal estate tax liability of the

        Estate of Donna Jo Graham ("Donna Jo Graham Estate");

    b.  Reduce to judgment the individual liability, under Section

        6324(a)(2) of the Internal Revenue Code (26 U.S.C.), of Mark

        L. Graham in an amount equal to the unpaid federal estate tax

        liability of the Donna Jo Graham Estate.

1

2.     This action is authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of the Attorney General of the United States of America, in accordance with 26 U.S.C. § 7401.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction of this action under 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402 and 7404.

4.     Defendant Mark L. Graham resides within this district and is within the jurisdiction of this Court.

5.     This Court is a proper venue for adjudicating this civil action under 28 U.SC. §§ 1391(b) and 1396 because defendant Mark L. Graham resides within this district and the liabilities for the delinquent taxes accrued within this district, and a substantial part of the events or omissions giving rise to the claims occurred within this district.

## FACTS COMMON TO ALL COUNTS

6.     As the settlor, Donna Jo Graham executed the Donna Jo Graham TrustAgreement ("initial trust agreement"), dated June 16, 1995, and appointed herself as trustee.[1]

---

[1] In this complaint, the trust is identified as the "Donna Jo Graham Trust."

7.      Under the initial trust agreement, Donna Jo Graham reserved the right to amend or revoke the trust agreement in whole or in part.

8.      Donna Jo Graham executed the Amended and Restated Donna Jo Graham Trust Agreement ("amended trust agreement"), dated July 29, 1998, and retained herself as trustee.

9.      The amended trust agreement provided that during Donna Jo Graham's lifetime, "the trustee shall pay so much or all of the income and principal of the trust estate to [her] or otherwise as [she directs]."

10.     Under the amended trust agreement, Donna Jo Graham retained the right to amend or revoke the trust in whole or in part.

11.     The amended trust agreement provided that "[t]he trust property to which any revocation relates shall be conveyed to [Donna Jo Graham] or otherwise as [she directs]."

12.     The amended trust agreement designated Mark L. Graham as the successor trustee upon Donna Jo Graham's death.

13.     Defendant Mark L. Graham is Donna Jo Graham's son.

14.     In the amended trust agreement,  Donna Jo Graham directed that, on her death, if she had no probate estate or her probate estate lacked sufficient cash or readily marketable securities to pay estate and inheritance taxes owed by the Donna Jo Graham Estate, that the trustee pay those taxes.

3

15.     In the amended trust agreement, Donna Jo Graham directed that, on her death, after taxes and administrative costs have been paid, the trust assets be divided into equal shares for the benefit of her then-living children and living descendants of predeceased children.  The assets were to be held in separate trusts for each beneficiary.

16.     On or about July 12, 1995, Donna Jo Graham executed a Last Will and Testament, which was valid under Florida law and in effect on the date of her death.

17.     In her will, Donna Jo Graham appointed Mark L. Graham as her personal representative.

18.     Donna Jo Graham died on February 16, 2006.

19.     On the date of Donna Jo Graham's death, she had no predeceased children and Mark L. Graham was her only child.

20.     Upon Donna Jo Graham's death, Mark L. Graham accepted the appointments of trustee of the Donna Jo Graham Trust and personal representative of Donna Jo Graham's estate.

21.     Except potentially for certain specific tangible personal items, Donna Jo Graham, in her will, left the rest, residue, and remainder of her property, including proceeds of life insurance policies owned by her or her personal representatives or assigns, to the "certain trust created by [her] and

4

known as the 'DONNA JO GRAHAM TRUST AGREEMENT' dated June 16, 1995."

22.     Donna Jo Graham's will directed that taxes and costs of administration of her estate be paid as soon as practicable from her residuary estate or, if the residuary estate contained insufficient assets, that those taxes and costs of administration be paid by "the Trustee of the 'DONNA JO GRAHAM TRUST AGREEMENT' dated June 16, 1995, out of the principal of said trust."

23.     The Donna Jo Graham Estate has not fully paid the tax that Mark L. Graham, in his capacity as personal representative, reported on the United States Estate (and Generation-Skipping Transfer) Tax Return (Form 706) ("Graham federal estate tax return") for the estate.

## COUNT I

**Judgment against Mark L. Graham, in His Capacity as the Personal Representative of the Estate of Donna Jo Graham for Unpaid Federal Tax Liabilities of the Estate.**

24.     On or about November 16, 2006, the Donna Jo Graham Estate paid $350,000 in federal estate tax.

25.     After requesting and receiving an automatic extension of time to do so, the Donna Jo Graham Estate timely filed the Graham federal

estate tax return on or about December 6, 2006, reporting federal estate tax in the amount of $1,605,094.

26.     On its Form 706, the Donna Jo Graham Estate elected, under 26 U.S.C. § 6166, to defer paying the balance of the estate tax for five years and then to pay the balance in ten annual installments.

27.     On February 5, 2007, a delegate of the Secretary of the Treasury, under 26 U.S.C. § 6201(a)(1), assessed estate tax in the amount of $1,605,094, that Mark L. Graham, as personal representative, reported on the estate's Form 706.

28.     In accordance with 26 U.S.C. § 6166 and its implementing regulations, the Donna Jo Graham Estate was required to make annual payments of interest during the five-year deferral period identified in paragraph 26 of the complaint.

29.     After the five-year deferral period identified in paragraph 26 of the complaint, the Donna Jo Graham Estate was required, beginning on November 16, 2011, in accordance with 26 U.S.C. § 6166 and its implementing regulations, to make ten annual principal payments of approximately $125,509, plus interest.

30.     The Donna Jo Graham Estate did not make the installment payments due in 2012-2015.

31.     Because the Donna Jo Graham Estate did not make the payments identified in paragraph 29 of the complaint, the Internal Revenue Service, on or about December 17, 2015, sent notice to the Donna Jo Graham Estate revoking its Section 6166 election and demanding that the balance of its federal estate tax liability be fully paid.

32.     After being issued the notice and demand identified in paragraph 31 of the complaint, the Donna Jo Graham Estate failed to pay its federal estate tax liability.

33.     Because the limitations period for collecting Donna Jo Graham's federal estate tax liability was suspended at least during the five-year deferral period identified in paragraph 26 of the complaint, the limitations period for collecting that liability remains open.

34.     There is due and owing from the Donna Jo Graham Estate assessed federal estate tax, interest, and penalties of $1,029,960.90, accrued interest of $63,565.87, as of May 21, 2021, plus further accruals of interest and statutory additions according to law.  Pursuant to 26 U.S.C. §§ 7402 and 7404, the United States is entitled to judgment in that amount against Mark L. Graham in his capacity as personal representative of the Donna Jo Graham Estate.

## COUNT II

**The Individual Liability of Mark L. Graham under Section 6324(a)(2) of the  Internal Revenue Code**

### a.    Possession as trustee

35.    On the Graham federal estate tax return, Mark L. Graham, as personal representative, reported $6,221,686 as the date-of-death value of the gross estate.

36.    The "gross estate," as the term is used in paragraph 35, includes property interests described in 26 U.S.C. §§  2033-2042.

37.    Under 26 U.S.C. § 2038, the gross estate of the Donna Jo Graham Estate included the date-of-death value of the assets held by the Donna Jo Graham Trust ("Section 2038 assets").

38.    The Graham federal estate tax return reported $6,104,521 as the date-of-death value of the Section 2038 assets identified in the prior paragraph.

39.    In his capacity as trustee, Mark L. Graham possessed Section 2038 assets with a date of death value that was greater than the Donna Jo Graham Estate's unpaid federal estate tax liability. Therefore, Mark L. Graham is, under 26 U.S.C. § 6324(a)(2), individually liable for that unpaid federal estate tax liability.

8

**b.    Alternatively, possession as transferee**

40.    On the federal estate tax return for the Donna Jo Graham Estate, Mark L. Graham reported that he received benefits from the estate valued at $3,242,187.

41.    As part of or along with the benefits identified in paragraph 40 of the complaint, Mark L. Graham received about 62.5 acres of real property from the Donna Jo Graham Trust for which the federal estate tax return reported a date-of-death value of $610,000.

42.    As part of or along with the benefits identified in paragraph 40 of the complaint, Mark L. Graham received about 31 acres of real property for which the federal estate tax return reports a date-of-death value of $2,328,900.

43.    All or substantially all of the assets identified in paragraphs 40-42 are Section 2038 assets.

44.    Because, as a transferee, Mark L. Graham possessed Section 2038 assets with a date of death value that was greater than the Donna Jo Graham Estate's unpaid federal estate tax liability, Mark L. Graham is, under 26 U.S.C. § 6324(a)(2), individually liable for that unpaid federal estate tax liability.

**c.    Judgment demanded**

45.    There is due and owing individually from Mark L. Graham

$1,093,526.77, as of May 21, 2021, plus further accruals of interest and

statutory additions according to law.  Pursuant to 26 U.S.C. § § 7402 and

7404, the United States is entitled to judgment in that amount against him.

WHEREFORE, plaintiff United States of America prays that the

Court order adjudge, and decree that:

I.    Mark L. Graham, in his capacity as personal representative of the

Donna Jo Graham Estate, is indebted to the United States in the amount of

$1,029,960.90, accrued interest of $63,565.87, as of May 21, 2021, plus

further accruals of interest and statutory additions according to law; judgment

in favor the United States should be awarded accordingly;

II.     Mark L. Graham, individually, is indebted to the United States in

the amount of $1,029,960.90, accrued interest of $63,565.87, as of May 21,

2021, plus further accruals of interest and statutory additions according to law;

judgment in favor the United States should be awarded accordingly;

III.    The United States is entitled to the 10% litigation surcharge set

forth in 28 U.S.C. § 3011; and

IV.    The United States have such further relief as this Court may deem just and proper, including its costs herein.

Dated: June 16, 2021

DAVID A. HUBBERT
Acting Assistant Attorney General

*s/ Michael N. Wilcove*
MICHAEL N. WILCOVE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
T: (202) 514-6474
F: (202) 514-4963
Michael.N.Wilcove@usdoj.gov

OF COUNSEL:

JASON R. COODY
Acting United States Attorney